# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ROBERT W. KARR & ASSOCIATES, LTD., )
an Illinois corporation,           )
                                   )
          Plaintiff,               )
                                   )
     v.                            )     No. 08 C 1197
                                   )
DAVID A. NOVOSELSKY d/b/a          )
DAVID A. NOVOSELSKY & ASSOCIATES   )
a/k/a NOVOSELSKY LAW OFFICES,      )
                                   )
          Defendant.               )

## MEMORANDUM OPINION

Before the court is defendant's motion to dismiss the complaint. For the following reasons, it is converted into a motion for judgment on the pleadings and granted.

## BACKGROUND

Plaintiff Robert W. Karr & Associates, Ltd. ("Karr"), a Chicago law firm, originally brought this tort action in the Circuit Court of Cook County. Defendant David A. Novoselsky, a lawyer with an office in Chicago, removed it to this court on the basis of diversity jurisidiction. (Karr is an Illinois corporation with a principal place of business in Illinois; Novoselsky is a Wisconsin citizen.) The case arises out of a situation in which Karr and Novoselsky were serving as co-counsel for a client named

Barry Schrager in connection with a legal malpractice action against Schrager's former attorneys.

The following facts are drawn from Karr's complaint. In December 2001, Shrager entered into a contingent fee agreement with Karr pursuant to which the attorneys' fee would be forty percent of any amounts recovered. The agreement further provided that because Karr and Novoselsky were dividing the responsibilities for the legal work, they would divide the attorneys' fee, with sixty percent apportioned to Karr and forty percent apportioned to Novoselsky. (Verified Compl., Ex. A.)

Pursuant to the fee agreement, from October 2001 until October 2005, Karr performed legal work for Schrager. On October 26, 2005, Schrager terminated Karr. Novoselsky continued to represent Schrager. Karr demanded payment of attorneys' fees from Schrager and ultimately filed suit against Schrager in the Circuit Court of Cook County seeking to recover quantum meruit fees. In mid-2006, Karr and Schrager settled the matter and entered into a confidential settlement agreement and release (the "Release").

In the instant action, Karr alleges that some time before January 24, 2006, Novoselsky intentionally or negligently interfered with Karr's fee agreement with Schrager by misrepresenting to Schrager that Karr had failed to appear for a scheduled court hearing. In Karr's view, Schrager terminated Karr as a result of this misrepresentation. Karr seeks compensatory

damages "in the form of lost attorneys' fees calculated by the amount due [Karr] under the [Release] minus sums received prior by [Karr] in the form of quantum meruit fees and pursuant to the terms" of the Release, as well as punitive damages and attorney's fees and costs. (Id. ¶ 40, Prayer for Relief.)

Novoselsky now moves to dismiss the complaint on the ground that by entering into the Release, Karr expressly released any rights it may have had to bring this action.

## **DISCUSSION**

Defendant's motion is entitled a "motion to dismiss" and is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a vehicle for addressing the adequacy of the pleadings. The basis for the motion, however, is a release (also known as an "accord and satisfaction"), which is an affirmative defense. See Fed. R. Civ. P. 8(c); Isbell v. Allstate Ins. Co., 418 F.3d 788, 797 (7th Cir. 2005). Because the existence of a defense does not undercut the adequacy of a claim, it would be improper to grant a motion to dismiss based on a release. See Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004). Therefore, we will treat Novoselsky's motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). See Lifanda v. Elmhurst Dodge, Inc., 237 F.3d 803, 805-06 (7th Cir. 2001) (where a motion to dismiss is improper, it is possible to convert the motion into one for judgment on the pleadings).

Karr argues that we must convert the motion into one for summary judgment because Novoselsky relies on the Release, which Karr did not attach to the complaint. In Karr's view, the Release is therefore "outside the pleadings." (Pl.'s Resp. at 5-6.) Karr overlooks that documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the complaint and are central to plaintiff's claim. See Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). The Release is attached to the motion to dismiss, is explicitly referred to in the complaint (¶¶ 17, 30, 40) and is central to Karr's claim; indeed, Karr seeks his contingent fee less the amounts he received pursuant to the Release. Because we do not consider the Release to be outside the pleadings, we will not convert Novoselsky's motion into a summary judgment motion. The summary judgment standard nonetheless will apply. The motion is aimed at disposing of the case on the basis of the substantive merits, so the appropriate standard of review is that applicable to summary judgment, except that we consider only the contents of the pleadings. See Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993). Therefore, judgment on the pleadings will not be entered unless no genuine issues of material fact remain to be resolved and the defendant is entitled to judgment as a matter of law. Id.

**A.   The Release**

Novoselsky's motion is premised on the Release, which states in pertinent part:

> In exchange for the consideration paid by Defendant, SCHRAGER, . . . KARR hereby releases and forever discharges SCHRAGER, his insurers, agents, independent contractors, servants, employees, consultants, attorneys, successors, and assigns and the law firm of NOVOSELSKY LAW OFFICES and David A. Novoselsky (collectively "Releasees"), none of whom admit any liability but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action, or suits of any kind or nature, known or unknown, which arise out of contract, negligence or fraud or other cause of action which KARR had, now has, or many have, on account of, arising out of, based upon, or in any manner connected with, any matter, cause, or thing whatsoever, at any time up to and including the date of execution of this Agreement, including, but not limited to, any claim for attorneys' fees or costs or any claim for damages based directly or indirectly upon facts, events, transactions, or occurrences related, alleged, embraced by, or otherwise referred to at any time in the Lawsuit.

(Release at 3.)[1]  Novoselsky contends that Karr thus released Novoselsky from all claims relating to the representation of Schrager.

**B.   Enforceability of the Release**

"Where the terms of a contractual release are clear and explicit, a reviewing court must enforce them as written.  Under

---

[1] Novoselsky has filed the Release under seal, but we find it necessary to quote from this portion of the Release, and we see no reason to seal this portion.  To that extent, we hereby modify our prior order placing the entire Release under seal.  Moreover, to the extent that we entered and continued defendant's motion for a restrictive order, the motion is denied.  The motion merely sought that the document be placed under seal, which was addressed, and the sealing of the document was the sole object of the proposed restrictive order.

the 'parol evidence rule,' extrinsic evidence is inadmissible to vary or modify the unambiguous provisions of a written contract." Farmers Auto. Ins. Ass'n v. Wroblewski, 887 N.E.2d 916, 923 (Ill. App. Ct. 2008) (citations omitted).

Karr argues that Novoselsky cannot enforce the Release for several reasons. The first is that Novoselsky was not a party to Karr's suit against Schrager for attorneys' fees and was not a party to the Release. Karr cites no case law for the proposition that a third-party beneficiary cannot enforce a release under Illinois law, and that is because the converse is true. "It is established that third-party beneficiaries have enforceable rights under contracts made for their benefit." Board of Educ. v. Village of Hoffman Estates, 467 N.E.2d 1064, 1066 (Ill. App. Ct. 1984) (citing Carson Pirie Scott & Co. v. Parrett, 178 N.E. 498 (Ill. 1931)). Third-party beneficiaries may invoke the contract's provisions by way of defense. Bates & Rogers Constr. Corp. v. Greeley & Hansen, 486 N.E.2d 902, 906-07 (Ill. 1985).

Karr further argues, again citing no supporting case law, that Novoselsky cannot avail himself of the Release because he did not give any consideration for it. This argument is also contrary to Illinois law, under which a third-party beneficiary may enforce a contract made for his direct benefit even though he is a stranger to both the contract and the consideration. See Olson v. Etheridge, 686 N.E.2d 563, 566 (Ill. 1997).

Karr also contends that Novoselsky cannot rely on the Release because it was not made for his direct benefit. A third party is a direct rather than an incidental beneficiary when the contracting parties have manifested in their contract an intention to confer a benefit upon the third party. Altevogt v. Brinkoetter, 421 N.E.2d 182, 187 (Ill. 1981). Karr's absurd argument that "[t]here can be no intent gleaned from the Release's language which would reflect any intent on [the] part of Mr. Karr to release" Novoselsky, (Pl.'s Resp. at 13), is rejected. Given the above-quoted language of the Release, the parties' intent to confer a benefit upon Novoselsky could not be much clearer.

The Release provides that Karr broadly released Novoselsky from "any and all" claims, known or unknown, which Karr had or would potentially have, arising out of any matter, cause, or thing whatsoever, including, but not limited to, a claim for damages based upon occurrences related to the suit against Schrager. In this action, Karr seeks damages for conduct related to the suit against Schrager. There is no need to look beyond the four corners of the Release because its language is unambigous. The Release provides Novoselsky with a complete defense to this action. Accordingly, judgment on the pleadings in favor of defendant and against plaintiff will be entered.

## **CONCLUSION**

Defendant's motion to dismiss the complaint, which is converted into a motion for judgment on the pleadings, is granted.

DATE:       July 14, 2008

ENTER:      _____
            John F. Grady, United States District Judge